a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| JONATHAN WAGAR #389080,<br>Plaintiff | CIVIL DOCKET NO. 5:25-CV-00783<br>SEC P |
| VERSUS | JUDGE TERRY A. DOUGHTY |
| WARDEN DAUZAT,<br>Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 filed by pro se Petitioner Jonathan Wagar ("Wagar"). Wagar is incarcerated at David Wade Correctional Center in Homer, Louisiana. He challenges a conviction and sentence imposed in the 26th Judicial District Court, Bossier Parish.

Because Wagar is not entitled to habeas relief, the Petition (ECF No. 1) should be DENIED and DISMISSED WITH PREJUDICE.

I.    Background

Wagar was convicted of sexual battery and sentenced to 75 years at hard labor, with the first 25 years to be served without the possibility of probation, parole, or suspension of sentence. The conviction and sentence were affirmed. *State v. Wagar*, 54,941, p. 6 (La.App. 2 Cir. 3/1/23); 357 So.3d 984, 990. According to the presumptively reliable published jurisprudence, Wagar did not seek further review in the Louisiana Supreme Court.

1

Wagar filed a pro se Application for Post-Conviction Relief on August 7, 2023, alleging that the State failed to disclose material evidence; the trial court deprived him of the right to defend himself; and trial counsel provided ineffective assistance by failing to provide Wagar with discovery, failing to call witnesses on his behalf, failing to investigate, and failing to make objections as Wagar requested. ECF No. 1-3 at 7, 24-30. The trial court denied the application finding that Wagar was not deprived of any material evidence; was not denied a right to represent himself; and could not meet the requirements of *Strickland v. Washington*, 466 U.S. 668 (1984). ECF No. 1-3 at 33-35. The appellate court and Louisiana Supreme Court denied writs. ECF No. 1-3 at 39, 42; *State v. Wagar*, 2024-00875, p. 1 (La. 11/6/24); 395 So.3d 869.

Wagar seeks relief under § 2254 on the grounds that: (1) the trial court abused its discretion in denying his post-conviction application; (2) the prosecutor failed to disclose material evidence; and (3) he received ineffective assistance of counsel. ECF No. 1-2.

II.   Law and Analysis

   A.   Wagar's Petition is subject to screening under Rule 4 of the Rules Governing § 2254 Cases.

Rule 4 of the Rules Governing § 2254 Cases provides that, following an examination of the pleadings by a court, "'[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause

the petitioner to be notified.'" *See Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999) (quoting the Rules Governing § 2254 Cases).

    B.    <u>Habeas standard.</u>

A writ of habeas corpus on behalf of a person in custody under a state court judgment shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless the petitioner shows that the prior adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d)(1), (2). A decision is contrary to clearly established federal law if the state court arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law, or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405–06 (2000); *see also Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). A state court decision is an unreasonable application of clearly established precedent if it correctly identifies the applicable rule but applies it objectively unreasonably to the facts of the case. *See Williams*, 529 U.S. at 407–09. A determination of a factual issue made by a state court is presumed to be correct. 28 U.S.C. § 2254(e)(1).

C. **Wagar is not entitled to relief under *Brady v. Maryland*, 373 U.S. 83 (1963).**

Wagar asserts that a home video exists that was never disclosed by the State. He alleges that he "does not know what's on that video," yet concludes that it is "material to the defense." ECF No. 1-2 at 19. Wagar presented this claim in his application for post-conviction relief. In responding to the post-conviction application, the State argued that the District Attorney's office has "open file discovery" and provides all written and digital material to litigants through counsel. ECF No. 1-3 at 28. The trial court determined there was no evidence that any video was withheld from the defense. *Id.* at 35. The Louisiana Supreme Court also ruled that Wagar failed to show "that the state withheld material exculpatory evidence in violation of *Brady*...." *Wagar*, 395 So.3d at 870.

"To establish a *Brady* violation, a defendant must show: (1) the evidence at issue was favorable to the accused, either because it was exculpatory or impeaching; (2) the evidence was suppressed by the prosecution; and (3) the evidence was material." *United States v. Glenn*, 935 F.3d 313, 319 (5th Cir. 2019) (citation omitted). Wagar does not show that the prosecution suppressed favorable evidence material to his case. In fact, to the extent that some video exists, Wagar states that he does not know what is on the video. ECF No. 1-2 at 19. Wagar does not demonstrate that the state court decision denying his *Brady* claim was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States.

4

    D.    <u>Wagar fails to establish ineffective assistance of counsel.</u>

Under *Strickland*, 466 U.S. at 687, a defendant must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced his defense. A court may dispose of a claim of ineffective assistance based solely on the petitioner's failure to meet either prong of the test. *Amos v. Scott*, 61 F.3d 333, 348 (1995).

To prevail on the deficiency prong of the *Strickland* test, a petitioner must demonstrate that counsel's conduct failed to meet the constitutional minimum guaranteed by the Sixth Amendment. *See Styron v. Johnson*, 262 F.3d 438, 450 (5th Cir. 2001). Counsel's performance was deficient if it fell "below an objective standard of reasonableness." *Little v. Johnson*, 162 F.3d 855, 860 (5th Cir. 1998). Analysis of counsel's performance must consider the reasonableness of counsel's actions considering the circumstances. *See Strickland*, 466 U.S. at 689. The petitioner must overcome a strong presumption that the conduct of his counsel fell within a wide range of reasonable representation. *See Crockett v. McCotter*, 796 F.2d 787, 791 (5th Cir. 1986); *Mattheson v. King*, 751 F.2d 1432, 1441 (5th Cir. 1985).

To prevail on the prejudice prong of the *Strickland* test, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. In this context, a reasonable probability is "a probability sufficient to undermine confidence in the outcome." *Id.* In deciding whether prejudice occurred,

courts review the record to determine "the relative role that the alleged trial errors played in the total context of [the] trial." *Crockett*, 796 F.2d at 793.

Wagar alleges that his attorney failed to investigate critical witnesses; failed to allow witnesses to testify; failed to make numerous objections; failed to cross-examine Detective McKay; failed to properly cross-examine the victim; failed to investigate a home video; and conceded guilt in closing. ECF No. 1-3 at 7, 24-30. The trial court denied relief under *Strickland*. ECF No. 1-3 at 34. The Louisiana Supreme Court found that Wagar did not meet the requirements of a *Strickland*. *See Wagar*, 395 So.3d at 870.

Wagar asserts that his attorney failed to investigate and call several witnesses at trial. ECF No. 1-2 at 20-21. "[C]omplaints of uncalled witnesses are not favored in federal habeas corpus review because the presentation of testimonial evidence is a matter of trial strategy and because allegations of what a witness would have stated are largely speculative." *Day v. Quarterman*, 566 F.3d 527, 538 (5th Cir. 2009). "Thus, to prevail on an ineffective assistance claim based on counsel's failure to call a witness, the petitioner must name the witness, demonstrate that the witness was available to testify and would have done so, set out the content of the witness's proposed testimony, and show that the testimony would have been favorable to a particular defense." *Id.*

Counsel determined that Wagar's wife, Brittney McKinney ("McKinney") should not testify because she had pleaded guilty to cruelty of a juvenile—specifically,

6

cruelty to her two children, including the victim. *Id.*; 1-3 at 50, 87. And according to McKinney's arrest report, Wagar was co-defendant in that case. ECF No. 1-3 at 65.

At trial the time of trial, Wagar's mother was under COVID quarantine, and Wagar's father could not drive himself because he had previously suffered a stroke. ECF No. 1-3 at 69-70, 75. Counsel indicated that he intended to proceed without these witnesses over Wagar's objection. The trial judge had a lengthy discussion with Wagar regarding the potential testimony of Wagar's family:

> The Court:   Well, we're not – we can't do that because we don't have the availability of the jury. What is it about that – that his mother and I guess your mother would testify to from other than character evidence of you being her son?
>
> Mr. Wagar:   Evidence of what happened in the past.
>
> The Court:   Okay.
>
> Mr. Wagar:   With this situation that her trying to say now occurred.
>
> The Court:   But – but what you have to understand, Mr. Wagar, is that if – if she's testifying to events that occurred in the past, if they have no – if she can't or doesn't have any information regarding the events for which you are charged with then it's irrelevant. It's just character testimony. And I'm not gonna uphold or with – I – I'm not gonna hold this trial up on – on an issue of character evidence.
>
> Mr. Wagar:   Um, do you want me to say what – what it is? I mean.
>
> The Court:   Well, I mean, the – the whole thing is, is that, yeah, it – it needs to be, if you're saying that I want to continue this trial because I have a material witness that's not available, you have to be able to – to explain to the Court what that witness would testify to.
>
> Mr. Wagar:   I mean, this – this – this whole situation I don't understand because the cruelty that leads up to this. So how am I not on trial for all that?
>
> The Court:   Okay. You're –

7

Mr. Wagar: The cruelty leads up to this.

The Court: You're getting – I – I've asked you a very specific question about your mother's testimony.

Mr. Wagar: That – that's part of her testimony. In the past –

The Court: You're being charged with sexual battery.

Mr. Wagar: I understand that. But my case would be, of course, they're lying, Remona has something to do with it. Remona's called CPS on me twice, don't even know me. When we had the kids called them because the kids had been molested in the past –

The Court: Okay.

Mr. Wagar: -- by her family.

The Court: Stay focused here, Mr. Wagar.

Mr. Wagar: That's – that's –

The Court: If your mother –

Mr. Wagar: See, I can't present my case. I mean, you're telling me to tell you what she's gonna testify on. It's not in the paperwork, but in the paperwork it says that CPS was in the past with Brittney, but mine's not in there where they called CPS on me and lied.

The Court: Okay. You're being –

Mr. Wagar: That's all evidence to me that – that – that – that they lie, that they're lying, that – that she did all this to get the kids. That's my fight, I mean.

The Court: All right.

Ms. Aiello: And, your Honor, I mean, her – his mom wouldn't have any direct knowledge of who called CPS or any CPS investigation.

. . .

The Court: I'm asking you what your mother would testify to that is relevant to the charges of sexual battery.

8

Mr. Wagar: I just told you.

The Court: You – you haven't told me anything about what she would testify to. You started talking about Remona.

Mr. Wagar: There's, I mean, there's –

The Court: What direct knowledge does your mother have regarding your –

Mr. Wagar: That these people are liars.

The Court: Okay. She has direct knowledge that they are liars, how?

Mr. Wagar: Goes all the way back to 2015 to the CPS. This woman's [victim's grandmother] been wanting them kids because my wife took the kids from them because they got molested and Debra McKay told them do not let the kids go back over there. So she called CPS twice and she text my wife and admitted to it. See, I didn't want to say that cause I wanted her to catch the stand and prove it, surprise everybody, but now y'all gonna go tell her what I saying all this is just, I mean, this is just a whole –

The Court: Hey, you still have not identified –

Mr. Wagar: Okay. Okay.

The Court: -- what – what –

Mr. Wagar: All right.

The Court: -- what your mother would testify to as to – the State still has to prove a case against you for sexual battery.

Mr. Wagar: I have no proof that they're liars though besides that, besides them telling contradictive statements.

The Court: Okay.

ECF No. 1-3 at 76-79, 80-81. Wagar argues that his mother, father, and niece would have testified that the victim loved Wagar, and she was never left alone with him. *Id.* at 24, 60-61. He argues this testimony would establish that he was "set up." ECF

9

No. 1-2 at 23. But Wagar conceded that his prospective witnesses could offer no testimony relative to his sexual battery charge—only his witnesses' opinions that the victim's grandmother was a "liar." *Id.*

The state court opined:

> Wagar has not shown that the testimony of the six witnesses would have been admissible at trial or reliable or that their testimony would have been anything other than self-serving. Based upon the allegations concerning the actions of Petitioner's counsel in this manner, and the lack of showings made by Petitioner, the Court cannot find that counsel's performance fell below an objective standard of reasonableness. Petitioner has not shown a reasonable probability that but for his counsel's actions the result of the trial would have been different.

ECF No. 1-3 at 34. Wagar does not establish that this application of *Strickland* was unreasonable.

Wagar's complaints regarding his attorney's failure to raise objections to testimony, evidence, and argument also fail to establish ineffective assistance. Wagar asserts that Ms. Mesloh, L.P.C., inaccurately testified that the victim disclosed that one incident of abuse occurred at Wagar's mother's house, while all other incidents occurred in hotels or motels. ECF No. 1-3 at 84. Later, the prosecutor elicited testimony from an officer that the Victim stated on video that one incident of abuse occurred at Wagar's mother's home. *Id.* at 97. Wagar disputes the accuracy of the testimony.

At the time of the commission of the crime, Louisiana law provided, in pertinent part:

> A. Sexual battery is the intentional touching of the ...or genitals of the victim by the offender using any... or any part of the body of the offender, directly or through clothing, or the touching of the

> ... or genitals of the offender by the victim using any... or any part of the body of the victim, directly or through clothing, when any of the following occur:
>
> 2.   The victim has not yet attained 15 years of age and is at least three years younger than the offender.

*Wagar*, 357 So.3d at 991. The witness testified about numerous incidents of abuse, and the jury was able to watch the video to clarify any inconsistencies.

Wagar claims that his attorney should have objected to testimony regarding his wife's guilty plea to cruelty of a juvenile; failed to cross-examine Detective McKay; and failed to properly cross-examine the victim. Wagar does not establish that his counsel's performance was deficient under "prevailing professional norms." *Strickland*, 466 U.S. at 688. Nor does Wagar show a reasonable probability that, had counsel raised the objection or changed his strategy for cross-examination, he would not have been found guilty. *Id.* at 694.

Wagar fails to show that counsel committed "errors so serious that counsel was not functioning as the counsel guaranteed by the Sixth Amendment." *Id.* at 687. He cannot "overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.* at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)).

Finally, Wagar alleges that his attorney conceded guilt in closing. According to the transcript, counsel argued that the victim's testimony sounded scripted and the victim had motive to lie to obtain what she wants. ECF No. 1-3 at 104-105. There was no concession of guilt. Wagar does not establish that his attorney's strategy in closing argument was constitutionally deficient; that a different strategy would have

changed the outcome of trial; or that the state courts' adjudication of the *Strickland* claim was unreasonable.

### E. Wagar's abuse of discretion claim is not viable on habeas review.

Wagar alleges that the state court abused its discretion in denying his post-conviction application. An attack on a state post-conviction proceeding does not entitle a petitioner to federal habeas relief, as it "is an attack on a proceeding collateral to the detention and not the detention itself." *Millard v. Lynaugh*, 810 F.2d 1403, 1410 (5th Cir. 1987); *Duff–Smith v. Collins*, 973 F.2d 1175, 1182 (5th Cir.1992) ("infirmities in state habeas proceedings do not constitute grounds for federal habeas relief"); *Nichols v. Scott*, 69 F.3d 1255, 1275 (5th Cir. 1995) (irregularities occurring during state post-conviction review do not state a claim for relief in federal habeas corpus); *Kelly v. Cockrell*, 72 Fed. Appx. 67, 78 (5th Cir. 2003); *Turner v. Rader*, 12-cv-1056, 2012 WL 6707191, at *24 (E.D. La. 2012), *report and recommendation adopted*, 2012 WL 6707181 (E.D. La. 2012).

### III. Conclusion

Because Wagar does not establish that the state courts' rulings were contrary to, or involved an unreasonable application of, clearly established federal law, IT IS RECOMMENDED that the Petition for Writ of Habeas Corpus (ECF No. 1) be DENIED and DISMISSED WITH PREJUDICE.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P.

6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Thursday, November 20, 2025.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE